IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MYOUN L. SAWYER,**

        Petitioner,

    vs.

                          CIVIL ACTION
                          No. 11-3083-SAC

**(FNU)(LNU), Superintendent, Larned State
Hospital, et al.,**

        Respondents.

**MEMORANDUM AND ORDER**

This matter, a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, comes before the court on respondents' motion to dismiss (Doc. 21). Petitioner filed a motion for reconsideration (Doc. 22), which the court construes as a reply to the motion to dismiss.

**Background**

Petitioner was convicted in the District Court of Wyandotte County, Kansas, in Case No. 06CR2180 of eight counts of Lewd and Lascivious Behavior pursuant to K.S.A. 21-3508 for misconduct in the Wyandotte County Jail. *State v. Sawyer*, 219 P.3d 1243 (Table), 2009 WL 4639488 (Kan.App. 2009). His sentence for that conviction has expired.

Petitioner is presently in custody under a civil commitment

entered by the Wyandotte County District Court in Case No. 2010-PR-48 under the Kansas Sexually Violent Predator Act. An appeal is pending in that action, Appellate Case No. 107269.

Petitioner also states that he filed a state habeas corpus in May 2008 which remains pending.[1]

## Discussion

Respondents move for the dismissal of this matter on the grounds (1) that the court lacks jurisdiction to consider this matter because petitioner is not in custody on the criminal sentence he challenges and (2) that the petitioner has failed to exhaust available state court remedies concerning his civil commitment.

**The "in custody" requirement**

A federal court lacks jurisdiction to consider a habeas corpus petition if the petitioner is no longer "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)(per curiam). *See also Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 401 (2001) ("[Petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed

---

[1]Doc. 1, p. 3.

solely at those convictions," citing 28 U.S.C. § 2254(a) and *Maleng*).

It is uncontested that petitioner was no longer incarcerated under his criminal conviction at the time he commenced this petition. According to material maintained by the Kansas Department of Corrections, petitioner was released from custody on October 2, 2010, upon the expiration of sentence.[2] This petition was filed on April 22, 2011. Thus, this matter may not proceed for lack of jurisdiction.

**The exhaustion requirement**

Respondents suggest the present petition may be construed to seek relief from petitioner's present custody under an order of civil commitment. If so, they contend that petitioner's failure to exhaust state court remedies requires the dismissal of this matter.

A petition for habeas corpus may not be granted unless it appears that the petitioner has exhausted state court remedies or that no adequate state remedy is available. *See* 28 U.S.C. §2254(b)(1); *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir.1994). This exhaustion requirement is satisfied once the

---

[2]A copy of the on-line record is attached.

federal claim has been presented fairly to the state courts, including the state appellate courts. *See Castille v. Peoples,* 489 U.S. 346, 351 (1989).

As respondents point out, petitioner is pursuing state court remedies from his civil commitment.[3] Because petitioner has not fully exhausted state court remedies, any related claim for relief in this action is premature.

IT IS, THEREFORE, BY THE COURT ORDERED respondents' motion to dismiss (Doc. 21) is granted. To the extent petitioner seeks relief from the sentence imposed in the criminal conviction entered in Case No. 06CR2180, the dismissal is with prejudice due to lack of subject matter jurisdiction. To the extent petitioner may seek relief from his civil commitment, his habeas corpus petition is premature and is denied without prejudice.

A copy of this order shall be transmitted to the petitioner.

---

[3] See attached docket sheet, Kansas Court of Appeals Case No. 107269.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 9th day of April, 2012.


                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        United States Senior District Judge